CHRISTOPHER WOLF and others v. DAVID M. ROGERS and others.

6r   97
123  1082

From the moment that one to whom a proposition is made for a contract, refuses to confirm it, the offer is at an end; nor can it be revived by his subsequent assent. C. C. 1799. Such an offer must be accepted in toto, to render it obligatory.

A principal cannot plead ignorance of the acts of his agent.

APPEAL from the District Court of Rapides, *Campbell*, J.
*Brent* and *O. N. Ogden* for the appellants.
*Dunbar*, *Hyams* and *Elgee*, for the defendants.

MORPHY, J. This suit is brought upon a promissory note for $6131 90, drawn by Rogers and Hazard, and endorsed by Joseph Walker, Patrick Barry, James Norment, and George W. Compton. The makers pleaded, that they were informed and verily believed, that James Norment, their co-defendant, is the owner of the note sued on, having been notified of the fact by the said Norment; that if such is the case, they owed nothing on this note, as Norment was indebted to them in an amount sufficient to

extinguish it by compensation.   The endorsers averred, that they were accommodation endorsers, entitled to the benefit of the defence set up against the plaintiffs, and against James Norment, who, they alleged, was the true owner of the note sued on.

James Norment answered, that he endorsed the note, but that it got into the possession of the plaintiffs' agent, under certain conditions which were never complied with; that he is yet the owner of it, and is entitled to its restoration.   He alleges, that the plaintiffs held certain notes of his, which it was agreed should be exchanged for the note sued on, and two drafts described in a receipt given for them; but that the agreement was not to be consummated, and the note sued on and the two drafts were to be returned, if E. C. Mielke, the agent of the plaintiffs at Vicksburg, refused to confirm the agreement; that the said agent did refuse to confirm the settlement, but retained in his possession the note sued on and the drafts, and also his, (Norment's,) notes, which were to be given in exchange.   This defendant further averred, that he had already claimed the note sued on in his defence to a suit brought against him by the plaintiffs in May, 1841, on one of the aforesaid drafts.   He prayed, that the two suits might be cumu-lated, and that there be judgment, deciding who is the true owner of this note.   There was a judgment below in favor of Norment and his co-defendants.   The plaintiffs have appealed.

The record shows, that on the 17th of December, 1839, James Norment being indebted to the plaintiffs, who were the holders of sundry notes of J. & G. R. Norment, agreed to give to their sub-agent, Turnbull, two drafts and the note sued upon, in exchange for the notes of J. & G. R. Norment, with the understanding and agreement, that should their principal agent, E. C. Mielke, of Vicksburg, not approve of and confirm the settlement, the note sued on and the drafts were to be returned to Norment through R. Chew, of Alexandria, in whose possession the original notes held by the plaintiffs were left, to be given up to Norment, or returned to Mielke, as the latter should agree to the arrangement, or not.   On the 22d of January, 1840, Edward C. Mielke wrote to R. Chew, as follows :

" Dear Sir,—Some time ago, my agent, Mr. Turnbull, left in your hands, several notes drawn by J. & G. R. Norment, in fa-

vor of Wolf & Clark, to be handed over to Mr. J. Norment, in case of my approval of the securities received in lieu thereof. Finding several of the bills received protested for non-acceptance, I must beg you to retain the notes for my account, until Mr. James Norment can make other arrangements for their liquidation.

" Very truly, dear sir,

" Your obt. servt.

" EDWARD C. MIELKE."

This letter, in our opinion, put an end to the contemplated arrangement, and each party remained the owner of the paper he had intended to give in exchange. Had the note sued on, and the two drafts, been left in the hands of R. Chew, as the notes of J. & G. R. Norment were, he would not surely have felt himself authorized to retain them, when, in compliance with Mielke's instructions, he refused to surrender those which Norment was to have received under the agreement, if carried into effect. There was to be no contract unless Mielke, the plaintiffs' agent, consented to the proposed exchange. From the moment he expressed his refusal to confirm it, the contract was at an end, and could not be revived by the subsequent assent of the plaintiffs, or their agent. Civil Code, art. 1799. Mielke, when he repudiated the settlement made subject to his approbation, should at once have returned to Chew the note and drafts, which were the property of Norment. The proposition should have been accepted, executed, or rejected, *in toto*. 1 Robinson, 253. It has been contended, that R. Chew having treated with the plaintiffs as the owners of the note, and he having been the agent of Norment in negotiating the exchange, the latter must be bound by his acts : that besides, Norment knew that the plaintiffs had this paper, and that on being called upon by their attorney, he did not make known his claim, but said that he would write to them on the subject. These circumstances do not appear to us sufficient to authorize the conclusion which has been drawn from them. E. C. Mielke, who received the note sued on and the drafts from Turnbull, endorsed the note to the New Orleans Canal and Banking Company, whose Cashier sent them up for collection to R. Chew, Cashier of the Branch at Alexandria. The latter knowing Mielke to be the

agent of the plaintiffs, could not but consider them as the owners
of the note.    But, be this as it may, it does not appear that R.
Chew had any authority from Norment to renew the arrangement
first contemplated, and which had been rejected by Mielke.    As
to the silence of Norment, when called upon by the counsel of the
plaintiffs before the institution of this action, it does not, in our
opinion, amount to anything, as he was not bound to disclose to
the attorney any of the circumstances attending the transaction.
He might have requested him to delay instituting the suit, with a
view to correspond with the plaintiffs on his right to the notes
sued upon,    The latter intimated to R. Chew their intention to
confirm and accept of the settlement made by Turnbull, and di-
rected him to surrender their original notes to Norment, only on
the 16th of June, 1841, long after the latter had asserted his title
to the note and drafts, in consequence of the rejection, by their
agent, of the proposed exchange.    They say, that they were not
until then apprized of this rejection ; but they cannot plead ignor-
ance of their own agent's acts.

*Judgment affirmed.*